# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MULTI CABLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02339 JAR |
| | ) | |
| CHARTER COMMUNICATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court following the Court's October 27, 2017 order denying Plaintiff Multi Cable, Inc.'s ("Multi Cable") Motion for Temporary Restraining Order Staying Arbitration, granting in part Defendants Charter Communications, Inc., and Charter Communications Operating, LLC's (collectively referred to as "Charter") Motion to Compel Arbitration, granting Charter's Motion to Dismiss, and awarding contractual attorney's fees and costs. Multi Cable has filed a response. (Doc. 40.) Charter has submitted an Accounting of Attorney's Fees and Costs as directed, seeking a total of $42,111.44. (Doc. 38.)

## I.  Background

As explained more fully in the Court's prior order, Multi Cable instituted an arbitration action against Charter, alleging that Charter had retained monies due to Multi Cable at the time Charter terminated the "Master Contract Agreement" ("MCA") between the parties. As part of the arbitration, Charter advanced certain counterclaims arising from Multi Cable's alleged breach of a predecessor contract between it and Time Warner Cable, which Charter assumed when it

1

and Time Warner merged. Multi Cable filed a Motion for Temporary Restraining Order seeking to prevent Charter from raising those counterclaims in the arbitration. Charter then filed a Motion to Compel Arbitration, arguing that this Court lacked jurisdiction to determine what issues were arbitrable.

The Court heard oral argument on both motions and ultimately decided in favor of Charter. (Doc. 37.) In addition, the Court found that the MCA provided for an awarding of attorney's fees and costs to "that party whose obtained relief or judgment is closest to its requested relief or judgment sought (whether the plaintiff or the defendant)." (Doc. 7-2 at PageID #: 626.) Because the Court's judgment more closely aligned with Charter's sought relief (the Court granted Charter's Motion to Compel in part), the Court ordered Charter to submit an accounting.

## I. Discussion

"The trial court is considered an expert on the question of attorney's fees." *Trim Fit, LLC v. Dickey*, No. 4:06-CV-49 CEJ, 2008 WL 4838150, at *7 (E.D. Mo. Nov. 6, 2008), *aff'd and remanded*, 607 F.3d 528 (8th Cir. 2010) (citing *McClain v. Papka*, 108 S.W.3d 48, 54 (Mo. Ct. App. 2003). "In the absence of contrary evidence, the trial court is presumed to know the character of services rendered regarding duration, zeal and ability, and to know the value of them according to custom, place, and circumstance." *Id.*

Charter provides tables setting out all of the work performed in the case, labeled by date, person, hour, and amount billed. (*See* Docs. 38-1 at 8-10, 38-2 at 6-10.) Multi Cable does not challenge Charter's entitlement to fees and costs under the MCA and does not argue that counsel's hourly rates are unreasonable; instead, it argues that some of Charter's descriptions

2

are insufficient, that Charter's attorneys were not as efficient as one might expect, and that time spent on Charter's Motion to Compel was unnecessary. (Doc. 40.)

Charter billed twenty-two hours for various phone calls, meetings, and emails, listed in entries that have been partially redacted, presumably because they relate to privileged attorney-client communication. (Docs. 38-1, 38-2.) Multi Cable asserts that those entries are insufficient to support an award of fees. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (quoting *Hensley v. Eckerhart,* 461 U.S. at 437, 103 S.Ct. at 1941. Thus, the Court will authorize the payment of fees based on partially redacted entries unless the entries are "so vague as to prevent this Court from reviewing the reasonableness of the hours billed." *Monsanto Co. v. Bayer Cropscience, N.V.*, No. 4:00CV01915-ERW, 2007 WL 1098504, at *9 (E.D. Mo. Apr. 12, 2007), *aff'd sub nom. Monsanto Co. v. Bayer Bioscience N.V.*, 275 F. App'x 992 (Fed. Cir. 2008)).

Upon review, the Court finds that the partially redacted entries are sufficient to determine that the number of hours billed is reasonable. Of note, the number of hours billed is small—most entries account for less than half of one hour—and the amount of time billed is reasonable for the activities listed. (*See, e.g.*, Doc. 38-1 at 8 (.2 hours to "Read [Multi Cable's] notice requesting hearing on TRO and planning with team regarding REDACTED"; 1.8 hours to "Review and revise Response to TRO Motion and planning with team regarding REDACTED").) Although the Court is unable to ascertain the subject-matter focus of that time, the Court accepts Mr. Chapman's and Mr. Sherman's sworn declarations that the redacted entries relate to this case.

Multi Cable next argues that many of the entries appear to be "duplication of work and extended periods of time . . . in light of the experience of [Charter's counsel] and the uncomplicated issue of law involved." (Doc. 40 at 7.) In short, Multi Cable suggests that Charter's counsel should have been more efficient. However, absent evidence to the contrary, the Court sees no reason that it should not accept Mr. Chapman's and Mr. Sherman's sworn declarations that the work and time listed in their attached exhibits was reasonable and necessary.

Lastly, Multi Cable argues that Charter's Motion to Compel was unnecessary and that therefore it is not entitled to compensation for time spent preparing or arguing it. (Doc. 40 at 9.) The Court agrees. Charter's Motion to Compel was the mirror image of Multi Cable's Motion for TRO. Had the Court granted the TRO, the arbitration of the FISA Counterclaims would be halted and the Motion to Compel would necessarily be denied. Instead, the Court denied the TRO and arbitration continued as scheduled, making the Motion to Compel redundant. Indeed, in its order denying Multi Cable's Motion for TRO, the Court expressed its confusion regarding the relevance of Charter's Motion to Compel. Because Charter's Motion to Compel could not have affected the outcome of the case, the Court finds that the motion was unnecessary.

Therefore, the Court will reduce Charter's request by the amount billed for the 25.3 hours spent preparing the Motion to Compel, which totaled $10,604.60. For the 21.9 hours Charter spent working on both the Motion for TRO and the Motion to Compel, including preparing for and participating in the hearing, the Court will deduct half of the amount billed, or $4,215.85.

Further, of the twenty-two billed hours relating to partially redacted entries, 9.9 hours relate to partially redacted entries that provide no substantive information at all. (*See, e.g.*, Doc.

38-1 at 8. at 8 (.3 hours for "Call with client to discuss REDACTED"; .3 hours for "Emails and teleconference with local counsel regarding REDACTED")). Without more, the Court is unable to determine whether those hours were spent on the TRO or the Motion to Compel. Thus, the Court will also reduce by half the amount billed for those 9.9 hours, equaling $2,112.98. In all, Charter's original request of $42,111.44 will be reduced by $16,633.43.

Accordingly,

**IT IS HEREBY ORDERED** that Charter is awarded attorney's fees and costs totaling $25,178.01, to be paid by Plaintiff Multi Cable, Inc.

Dated this 31st day of January, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE